UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONNIE JENKINS,

    Petitioner,

v.                                  Case No. 5:13cv234/RS/CJK

N.C. ENGLISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The government has responded (doc. 10) and the petitioner has submitted a reply (doc. 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241 and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the United States Penitentiary in Marion, Illinois, is currently serving a sentence imposed by the Superior Court of the District of Columbia ("Superior Court"). (Doc. 1). Petitioner was found guilty of one

count of first degree child sexual abuse and first degree cruelty to children.[1] (Doc. 10). Petitioner did not file a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 and alleges that the remedy "was not available . . . as this was a District of Columbia Superior Court . . . ." (Doc. 1, p. 5).

In this habeas action, petitioner challenges his underlying conviction, claiming a "[l]ack of jurisdiction due to denial of due process . . . ." (Doc. 1, p. 6). Specifically, plaintiff claims that the arrest warrant "was insufficiently [sic] to meet the statutory or lawful requirements for a lawful arrest" which violated petitioner's due process rights. (Doc. 1, p. 7). Plaintiff later argues that he underwent an "improper initial appearance" because he was not informed of the nature of the charges against him and did not have the opportunity to enter a plea as to counts B and C. (Doc. 1, p. 8). As relief, petitioner requests that he be released from custody. (Doc. 1, p. 8).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d

---

[1] Because the petitioner was convicted in Superior Court and not the United States District Court for the District of Columbia, the court is unable to access the docket through Pacer. After review of the Superior Court's website, the court cannot ascertain which specific case is petitioner's. Thus, the court will rely on the averments of the government. The court further notes that the actual substance and background of petitioner's criminal convictions do not affect this court's conclusion concerning the outcome of the instant habeas petition.

1131 (5th Cir. Unit A Apr. 27, 1981)[2] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. Section 2255 authorizes the filing of a motion to vacate, set aside, or correct a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (*en banc*), *cert. denied*, — U.S. —, 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). The Eleventh Circuit originally advocated a three-part test for use to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause, *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), but later classified the *Wofford* test as dicta.[3] *Turner*, 709 F.3d at 1333. The Eleventh Circuit determined that the actual holding of *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings," *Gilbert*, 640 F.3d at 1319, and clarified that *Wofford* required a petitioner to satisfy two conditions in order to bring a claim under the savings clause: "[f]irst, the claim must be based upon a retroactively applicable Supreme Court decision . . . . [S]econd . . . the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *see also Johnson v. Warden*, No. 13-10741, 2013 WL 6850483, at *1 (11th Cir. Dec. 31, 2013) ("We have since interpreted *Wofford's* holding to impose two necessary, but not sufficient, steps to qualify under the savings clause: (1) the prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion.").

---

[3] The *Wofford* test requires a petitioner to show: "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met. "[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. at 1245.

Although captioned as a § 2241 petition, petitioner is undoubtedly challenging the validity of his judgment of conviction and sentence, not the execution of his sentence. Petitioner requests that he be allowed to proceed under § 2241 because the he was convicted in Superior Court and the § 2255 remedy was unavailable to him. As the government notes, however, defendants convicted in Superior Court are able to challenge their conviction through D.C. Code § 23-110, a provision which is analogous to § 2255. (Doc. 10, p. 2). Specifically, D.C. Code § 23-110 provides:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). Further, under § 23-110(g), a defendant is prohibited from applying for habeas relief through a federal court "if it appears that the [defendant] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Swain v. Pressley*, 430 U.S. 372, 377-78 (1977) (finding that the language of D.C. Code § 23-110(g) "was deliberately patterned after 28 U.S.C. [§] 2255" and was written with the intent to "substitute a different fourm [sic] and a different procedure for collateral review of federal convictions, [§] 23-110(g) was plainly intended to achieve a parallel result with respect to convictions in the District of Columbia."); *see also Mobley v. Superior Court of D.C.*, 838 F.2d 467 (4th Cir. 1988) ("[B]ecause [petitioner] has already been denied habeas corpus relief under D.C. Code § 23-110, he is precluded

from any further habeas relief unless he shows that relief under § 23-110 is inadequate or ineffective to test the legality of his detention."). Thus, before petitioner is entitled to proceed under § 2255 petitioner must demonstrate that the remedy afforded to him under D.C. Code § 23-110 was inadequate or ineffective.

Petitioner does not explain why a motion to vacate under D.C. Code § 23-110 would be inadequate or ineffective for his claims or provide evidence that he ever filed a motion under that statute. As a result, at this time, petitioner is procedurally barred from bringing such claims under § 2255 because he has not demonstrated the inadequacy or ineffectiveness of D.C. Code § 23-110. *See Wofford*, 177 F.3d at 1242 ("'[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . .'" (alterations in original)). Moreover, petitioner has not demonstrated any of the requisite factors entitling him to proceed under the savings clause. *See Williams*, 713 F.3d at 1343; *Wofford*, 177 F.3d at 1244. As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, he cannot bring his claims by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 25th day of September, 2014.

            */s/ Charles J. Kahn, Jr.*
            **CHARLES J. KAHN, JR.**
            **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).